UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,                CIVIL ACTION NO.:

       Plaintiff,                HONORABLE:

vs.

NANCY J. MCKINSTRY,

       Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    The United States of America, plaintiff, alleges that:

### Jurisdiction

1.    This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2.    The defendant is a resident of Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 1480 W. Romeo Rd., Leonard, MI 48367.

### The Debt – Account No. 2001A11846

3.  The debt owed to the United States of America is as follows:

| | | |
|---|---|---:|
| | A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,291.99 |
| | B. Current Capitalized Interest Balance and Accrued Interest | $975.03 |
| | C. Administrative Fee, Costs, Penalties | $26.00 |
| | D. Accrued Capitalized Interest since November 6, 2000 | $1,369.39 |
| | **Total Owed** | **$3,662.41** |

    The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of

Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 8% per annum.

## Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI 48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Nancy J. McKinstry
AKA: Nancy McKinstry
1845 Symes St.
Ferndale, MI 48220

SSN: ███4572

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/06/00.

On or about 03/10/89 the borrower executed promissory notes(s) to secure loan(s) of $1,200.00 from First Bank NA Milwaukee WI - Milwaukee, WI at 8 percent interest per annum. This loan obligation was guaranteed by Great Lakes Higher Education Corporation and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 07/20/90, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,291.99 to the holder. The Department then reimbursed the guarantor for that claim payment under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 09/28/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,291.99 |
| Interest: | $975.03 |
| Administrative/Collection Costs: | $26.00 |
| Late Fees: | $0.00 |
| Total debt as of 11/06/00 | $2,293.02 |

Interest accrues on the principal shown here at the rate of $0.28 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/17/00

Name: _Linda Tustalai_
Title: Loan Analyst
Branch: Litigation Branch



# HIGHER EDUCATION ASSISTANCE FOUN[DA]TION GUARANTEED STUD[EN]T LOAN PROMISSORY NOTE

### A. PROMISE TO PAY

I, **NANCY J. MCKINSTRY** promise to pay to the order of **First Bank NA Milwaukee WI** (hereinafter called the "lender") all of the following amounts in full:

### B. DISCLOSURE OF LOAN INFORMATION

| Disbursement Number | Scheduled Date | Loan Amount | Guarantee Fee | Origination Fee | Amount of Loan Check | Interest Rate |
|---|---|---|---|---|---|---|
| 1st | 04/04/89 | $600.00 | $6.00 | $30.00 | $564.00 | |
| 2nd | 06/30/89 | $600.00 | $6.00 | $30.00 | $564.00 | 8.00% |
| 3rd | NONE | $ | $ | $ | $ | |
| TOTALS | | $1,200.00 | $12.00 | $60.00 | $1,128.00 | |

SSN: [REDACTED]-4572
Loan Number: 01
Processed Date: 03/06/89
Batch Number: 8906500136
Loan Begin Period: 04/04/89
End: 08/29/89
Ant. Grad. Date: 06/30/91

**BORROWER:**
NANCY J. MCKINSTRY
27865 BARRINGTON
MADISON HEIGHTS, MI. 48071

**LENDER:**
First Bank NA Milwaukee WI
201 W Wisconsin Ave (830038)
Milwaukee, WI. 53259

**SCHOOL:**
Student Financial Aid Office
Detroit Coll of Business (002253)
1431 E 12 Mile Road
Madison Heights, MI. 48071

The Grace Period is **SIX (6) MONTH** months long, beginning the after the Borrower either leaves school or ceases to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

5059

I promise to pay all of the following amounts in full:
1) The entire Loan Amount shown above to the extent that is is advanced to me.

**INTEREST**

2) I agree to pay an amount equivalent to simple interest (as specified in (5) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full.

3) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself.

4) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

5) The interest rate will be determined according to the following:
   a. If I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s).
   b. If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL(s), the applicable interest rate on this loan will be 8%.
   c. If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding GSL(s), but I do have an outstanding balance on any Parent Loans for Students ("PLUS"), Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%.
   d. If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status.

6) The applicable interest rate
   a. until the end of the fourth year of my repayment status, and
   b. beginning with the fifth year of my repayment status will be identified on the Notice of Disclosure.

7) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%.

8) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with the Rules and Regulations and policies of the Higher Education Assistance Foundation ("HEAF").

I understand that if I am eligible for federal interest benefits, the interest will be paid by the Secretary (a) during the period I am in school on at least a half-time basis, (b) during the grace period described in Section D below, and (c) during the time any loan payments are deferred as allowed by Section F below.

**GUARANTEE FEE**

9) HEAF may charge a fee to guarantee your loan. The fee, if any, is included in the loan amount shown above. The amount is governed by current law, applicable regulations, and HEAF policy and Rules and Regulations. The exact amount of the guarantee fee, if any, is printed above. If applicable, the Guarantee Fee will be deducted proportionately from each disbursement. I understand that this charge is not subject to refund except for the amount attributable to any disbursement I do not receive, which refund will, at the lender's option, be applied to my loan balance or be returned to me.

**ORIGINATION FEE**

10) The Origination Fee, which will be deducted from the proceeds of the loan. The fee is determined by federal law and will be reflected on my disclosure statement. Origination fees may be refunded pro rata, on undisbursed amounts, if the loan is repaid in full within 120 days of disbursement, if the loan check is not cashed within 120 days of disbursement, or the check is returned to the lender uncashed.

### C. GENERAL

I understand that the lender has applied for guarantee coverage of this loan through HEAF and because of this, the loan is subject to, and the terms of the Promissory Note will be interpreted in accordance with, Title IV, Part B of the Higher Education Act of 1965, as amended, (the "Act"), federal regulations adopted under the Act, and the Rules and Regulations of HEAF. To the extent not governed by federal law, this Note shall be governed by the laws of the jurisdiction in which the lender is located.

### D. REPAYMENT

I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period. However, during the grace period I may request that the repayment period begin earlier. The grace period begins when I cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP).

SEE ADDITIONAL PROVISIONS ON THE REVERSE SIDE OF THIS NOTE.

**NOTICE TO BORROWER:**
(a) DO NOT SIGN THIS NOTE BEFORE YOU READ ALL OF ITS PROVISIONS, INCLUDING THE PROVISIONS PRINTED ON THE REVERSE SIDE.
(b) YOU ARE ENTITLED TO A COPY OF THIS NOTE.
(c) YOU MAY PREPAY THE UNPAID BALANCE AT ANY TIME WITHOUT PENALTY
(d) IF YOU HAVE ANY QUESTIONS OR WISH TO CANCEL THIS LOAN 1) DO NOT CASH THE LOAN CHECK, 2) CONTACT YOUR LENDER.
(e) BY SIGNING THIS NOTE, YOU ARE AGREEING TO THE BORROWER'S CERTIFICATION ON THE REVERSE SIDE OF THIS NOTE.

SIGN YOUR NAME: X *Nancy McKinstry*  DATE: 3/10/89
YOUR ENDORSER'S SIGNATURE (IF ANY): X XXXXXXXXXXXXXXXXXXXXXXXX  DATE: XXXXXXXX

ENDORSER'S ADDRESS, CITY, STATE, ZIP
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

The above signed endorser signs this Note in the capacity of an endorser within the meaning of the Uniform Commercial Code. As such, the endorser hereby waives demand, presentment for payment, notice of nonpayment, protest and notice of protest, and acknowledges and agrees that the Lender has expressly reserved its rights against the endorser notwithstanding deferment of payment in accordance with Section F of this Note or Forbearance terms in accordance with Section G of this Note of which the endorser has no notice.

[ ] IF CHECKED BY LENDER, BORROWER MUST COMPLETE          RETURN THIS COPY TO THE LENDER

1) I will repay this loan over a repayment period ... generally lasts at least 5 years but no more than 10 years. However, the follo... exceptions to these rules apply:
   a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
   b. The lender may require a repayment period shorter than 5 years if this is necessary ...

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X Karin Moseley
TITLE HSCA Claims Supervisor
DATE MAR 18 1991

F0025 10-87

... failing to mak... y installment payment when due, provided that this failure persists for 180 days for a loan repayable in monthly installments or 240 days for a loan repayable in less frequent installments;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as my loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) change my graduation date, (c) change my name or (d) change my permanent address.

) Consequences of Default
If I default on this loan —
a) The lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable;
b) The lender, holder or guaranty agency may disclose to schools I have attended (or am currently attending) information about the default;
c) I will be ineligible to receive assistance from all Title IV programs and any of the following federal programs: Pell Grants, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Loans for Students (SLS), PLUS Loans or Consolidation Loans;
d) I will be ineligible for the benefits described under Sections D and F on the front of this Note;
e) I will also pay all charges and other costs, including attorney's fees, that are permitted by federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay collection costs not to exceed 25 percent of the unpaid principal and accrued interest. Declaring these amounts immediately due and payable is at the option of the lender, which it may do only after complying with applicable notice and other requirements. Failure to exercise this option, does not constitute a waiver of the lender's right to exercise the option at a later date;
f) Lender may assign the account to HEAF. I will then be required to pay HEAF all amounts owed.

I. LATE CHARGE
If permitted by State law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Section F in this Note. A late charge may not exceed 6 cents for each dollar of each late installment.

J. CREDIT BUREAU NOTIFICATION
Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If I default on this loan, the lender, holder or guaranty agency will also report the default to credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.
The lender, holder or guaranty agency must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations unless I enter into repayment on the loan within the 30 days.
The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completeness of information reported about me.

...RTIFICATION

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in my application for this loan is true, complete and correct to the best of my knowledge and belief and is made in good faith. At my lender's option, I authorize the lender to make my loan check(s) jointly payable to me and my school. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any educational institution that I may attend or HEAF to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status; prior loan history, current address). I also authorize the lender, subsequent holders, or their agents... institution, or HEAF to make inquiries to or respond to inquiries from my parents, or prior or subsequent lenders or make inquiries to the persons I have listed... on my loan application and related documents. I also authorize the lender, subsequent holder, their agent or HEAF to release information and the proceeds... on as references, for the purpose of learning my current address and telephone number. I certify that application... for the academic period stated in my loan application at the educational institution named on the application... that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at that institution. I certify that I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Grant. I further certify that I have received the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under the program.

*(stamp overlay: "I CERTIFY UNDER PENALTY OF PERJURY THAT THIS IS A TRUE AND EXACT COPY OF THE ORIGINAL PROMISSORY NOTE" — signature / date)*

## REFERENCES

Write in the names of three different references who would be likely to know where you will be. The individuals you list below are for reference purposes only, they will not be expected to repay your loan.
In 1, write in the name, address, and home telephone number of one of your parents or your legal guardian. If your parents are not living together, write the information for one parent in 1 and the information for the other parent in 2. If your parents are deceased, write in the name of another adult relative who would know where you will be. In 2 and 3, write in the name, address, and home telephone number of two other adult relatives or friends.

1. Parent or Guardian:
Name
Address
City, State, Zip Code
Telephone Number

2. Other adult relative or friend:
Name
Address
City, State, Zip Code
Telephone Number

3. Another adult relative or friend:
Name
Address
City, State, Zip Code
Telephone Number

*(Stamps: MAR 17 1989)*

*(Rotated text at bottom: MCKINSTRY, NANCY J J CLAIM NC 1995C4C38SC25 09-28-93 SSN [redacted] -4572 IL 1 69-87-56)*